## APPEAL OF HOME LAUNDRY CO.

Docket No. 6047. Submitted January 28, 1926. Decided April 22, 1926.

*Wm. H. Lawrence, Esq.*, for the taxpayer.
*Bruce A. Low, Esq.*, for the Commissioner.

Before STERNHAGEN, LANSDON, and ARUNDELL.

The Commissioner determined deficiencies in income taxes for the years 1919 to 1922, inclusive, in the amount of $4,516.50. So much of the deficiencies as are in dispute arose from the disallowance of a portion of the salary paid to Mary A. Lotz, vice president and treasurer of the petitioner.

### FINDINGS OF FACT.

The petitioner was incorporated May 1, 1917, under the laws of the State of Maryland, and during the taxable years in controversy operated a laundry in Baltimore. Prior to incorporation the business was operated for a number of years as a partnership under the name now used by the corporation. Capital stock in the amount of $30,000 was issued, 178 shares being owned by Joseph Lotz, president of the petitioner, and 120 shares by Mary A. Lotz, vice president and treasurer. The amount of the original capital outlay was $2,000, which amount was increased by permitting the earnings to remain in the business.

During the years in question petitioner had about 50 employees; it operated six wagons and five automobile trucks, had approximately 3,500 customers, and did an annual business of about $100,000.

John Lotz was the president and general manager of the petitioner during the years 1919 to 1922, inclusive, and devoted all of his time to the business.

The corporate minutes of April 5, 1917, contain the following:

Upon motion duly made and seconded and unanimously carried the salary of Joseph Lotz as president was fixed at $25 a week, the salary of Mary E. Lotz as vice-president and treasurer, with the additional allowance of $30 for household expenses was fixed at $25 per week until other [wise] determined by the Board of Directors of this company.

An agreement was signed by Joseph and Mary A. Lotz under date of April 3, 1917, which reads as follows:

This agreement was entered into in duplicate the 3rd of April, 1917, by and between Joseph and Mary A. Lotz, husband and wife, of Highland Town, Baltimore City, Maryland, that as president of said corporation Joseph Lotz shall receive the salary of $25 per week, that as vice-president and treasurer of the said corporation Mrs. Mary A. Lotz shall receive a salary of $25 per week, and also $30 per week to be withdrawn for household expenses to be paid to the said Mary A. Lotz, in addition to the said salary.

The arrangement set forth above was not followed by the petitioner.

On January 1, 1919, by order of the president, the salary of Mary A. Lotz was increased from $55 to $65 a week. On January 1, 1920, the president increased the salary of Mrs. Lotz to $90 a week, and on February 4, 1921, her salary was increased to $100 a week, by order of the president. The salary of the president was increased from $25 to $50 a week on January 1, 1920.

The idea of operating a laundry originated with Mrs. Lotz, and during the early days of petitioner's existence she devoted all of her time to its success and was largely responsible for its growth and prosperity. With the success of the business assured, Mrs. Lotz devoted less time to the details, did less manual labor than formerly, and, during the taxable years in question, spent only a portion of each day at the laundry. Her home was located only a few feet from the plant and it was convenient for her to come over from time to time during the day, as occasion demanded, and this was her practice. Her duties consisted of supervising the assorting of the laundry as it came in and investigating and settling complaints, and, during periods when her husband was sick, she took active charge and managed the business.

The sums paid to Mrs. Lotz for salary were reported by her in her income-tax returns and tax paid thereon.

The amount paid to Mrs. Lotz by the petitioner during the taxable years 1919 to 1922, inclusive, was compensation and constitutes an allowable deduction from petitioner's gross income for the respective years in which paid.

*Order of redetermination will be entered on 15 days' notice, under Rule 50.*